**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RONALD DEMONICO,**
**#S06766,**

          **Plaintiff,**

v.

**WARDEN LASHBROOK,**
**MR. MESO,**
**C/O GOODYO, and**
**C/O BELTZ,**

          **Defendants.**

**Case No. 20-cv-00994-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Ronald Demonico, an inmate of the Illinois Department of Corrections who is currently incarcerated at Rushville Treatment and Detention Facility, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Demonico claims that while housed at Pinckneyville Correctional Center he was forced to work in hazardous conditions resulting in significant physical injury. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Demonico claims that while working in the dietary department at Pinckneyville

Page 1 of 6

Correctional Center he fell as result of a hazardous and unsafe working environment. (Doc. 1, p. 6, 8). When he fell, he broke his hip in two places. (*Id.* at p. 6). After the incident, proper medical procedures were not followed by the correctional officers causing Demonico to suffer in pain on the floor for a prolonged period of time. (*Id.* at p. 8). He then received improper and inadequate medical treatment. (*Id.* at p. 9).

## DISCUSSION

The Court finds that the Complaint fails to state a claim. In the Complaint, Demonico generally states that his Eighth Amendment rights were violated in that (1) he was required to work in a job assignment despite hazardous conditions; (2) the on scene correctional officers, Goodyo and Beltz, failed to follow protocol and perform their duties to support an injured prisoner; and (3) he received inadequate medical care for his injuries following his fall. These allegations are not sufficient to state an Eighth Amendment claim against Defendants. The Eight Amendment's cruel and unusual punishment clause requires a plaintiff to plead an objective element, whether the deprivation alleged was sufficiently serious; and subjective element, whether the defendant acted with deliberate indifference in response to the deprivation. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Demonico has failed to allege these elements in the Complaint.

In regard to Demonico's working environment, Demonico does not describe the conditions or the circumstances surrounding his fall. Thus, it is not clear whether the conditions in the dietary department rose to the level of a constitutional violation. *See Christopher v. Buss,* 384 F. 3d 879, 882 (7th Cir. 2004) (finding that a "protrusive lip" on a softball field maybe hazardous but the condition did not amount to objectively serious to implicate the Eighth Amendment). While Demonico is not required to plead specific facts, he must provide more than a conclusory statement that the conditions were hazardous and unsafe. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Demonico also does not claim that any of the Defendants knew the conditions posed a sufficiently serious risk and failed to act. Warden Lashbrook and Dietary Supervisor Meso cannot be held liable simply because they are in supervisory positions. Liability instead hinges on personal involvement in the deprivation of the plaintiff's constitutional rights. Demonico does describe the actions or knowledge of any of the Defendants in relation to his working environment. Thus, Demonico has not pled an Eighth Amendment claim due to working in hazardous conditions.

Demonico also has not sufficiently pled an Eighth Amendment claim against Correctional Officers Goodyo and Beltz for failing to adhere to the regulations of the Illinois Department of Corrections in response to his injuries. (Doc. 1, p. 10). Section 1983 protects individuals from constitutional violations, not violations of state laws or departmental regulations and practices. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir.2003); *see also Ashley v. Snyder*, 739 N.E.2d 897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims"). As discussed, Demonico must allege that Goodyo and Beltz responded to his serious medical need with deliberate indifference, which is more than negligence or even gross negligence. *See Hildreth v. Butler,* 960 F. 3d 420, 425 (7th Cir. 2020). Again, Demonico does not describe any actions on the part of Goodyo and Beltz, only that they did not act pursuant to state rules and regulations. This conduct, as pled, does not amount to deliberate indifference, and so Demonico has not stated a constitutional claim against Goodyo and Beltz.

Finally, Demonico's allegations regarding lack of medical treatment following the incident are also deficient. These allegations are not attributed to any named Defendant. He states that "medical staff prolonged admittance for surgical procedure" and "Warden Lashbrook and PCC-HealthCare attending nursing staff named in this action are in fact liable." (Doc. 1, p. 10). Demonico has not named any medical staff as defendants in this case, and the conclusory statement

that Lashbrook is liable does not state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."). For these reasons, Demonico's Eighth Amendment claims are dismissed without prejudice.

Demonico also puts forth a Fourteenth Amendment claim. He states that his Equal Protection rights under the Fourteenth Amendment were violated. (Doc. 1, p. 8). Other than saying he has an Equal Protection claim, Demonico provides no factual allegations suggesting such claim. He does not allege that he was member of a protected class, nor does he allege that he was singled out and treated differently from others similarly situated. *See Brunson v. Murray,* 843 F.3d 698, 705 (7th Cir. 2016); *Forgue v. City of Chi.,* 873 F.3d 962, 968 (7th Cir. 2017); *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Accordingly, these allegations are also dismissed without prejudice.

Because Demonico has failed to state a claim for relief, the Complaint does not survive preliminary review under Section 1915A and is dismissed without prejudice. Demonico will be given an opportunity to re-plead his claims in an amended complaint if he wishes to proceed with this case. When preparing a "First Amended Complaint," he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights in the body of the amended complaint. If he does not know the names of these individuals, Demonico can refer to them by John Doe designation. The First Amended Complaint must stand on its own without reference to any prior version of the complaint and contain all claims against all the defendants in one complete document.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED without prejudi**ce for failure to state a claim upon which relief may be granted.

Demonico is **GRANTED** leave to file a "First Amended Complaint" on or before **January 5, 2022**. Should Demonico fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(B); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Demonico use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00994-SPM). To enable Demonico to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Demonico must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Demonico is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Demonico is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: December 8, 2021**

                                    *s/Stephen P. McGlynn*
                                    **STEPHEN P. MCGLYNN**
                                    **United States District Judge**